FILED
SUPERIOR COURT
OF GUAM

2019 FEB 19 PM 2: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OLIVER BARTOLOME FERMIN,<br><br>         Plaintiff,<br><br>vs.<br><br>SANDRA JEAN WYATT-FERMIN,<br><br>         Defendant. | Domestic Case No. DM0180-12<br><br>**DECISION AND ORDER** |

### INTRODUCTION

Defendant in this divorce case moves to have Plaintiff continue to pay child support for their last child, who is 18, until he graduates from high school in May 2019. The original support order required payments only until the child's 18th birthday. This matter is before the Honorable Michael J. Bordallo. Plaintiff Oliver Bartolome Fermin ("Plaintiff") has not yet been served with notice of the motion despite several attempts to do so, and it appears that he does not have legal representation. Defendant Sandra Jean Wyatt-Fermin ("Defendant") is represented by attorney Gary Wayne Francis Gumataotao of the Law Offices of Gumataotao and Pole, PC. Having reviewed the arguments, the Court **GRANTS** Defendant's Rule 60(b)

Motion and **ORDERS** Plaintiff to continue paying Defendant $550.00 a month in child support up through May 2019, with this decision being contingent on the Court receiving proof of satisfactory effort to serve Plaintiff with notice of the motion.

## BACKGROUND

This matter arises out of Defendant's Nov. 19, 2018 motion ("Motion") for the Court to modify the child support originally ordered in 2012 in the final divorce decree. A marshal has made three unsuccessful attempts to serve Plaintiff with notice of the Motion. The Court will address the Motion, with the decision being contingent on the Court receiving proof of satisfactory effort to serve Plaintiff with notice of the Motion.

## FACTS

1. The parties married each other on Mar. 12, 1996 in Agaña, Guam and separated fourteen years later on Nov. 4, 2010.

2. Sixteen months after they separated, Plaintiff filed a Complaint For Divorce ("Complaint") on Mar. 14, 2012.

3. The parties had two minor children at the time of the divorce filing, but both children have now turned 18. The youngest, a boy named Nichika Takumu W. Fermin ("Nichika"), turned 18 on Dec. 19, 2018.

4. In the Complaint, Plaintiff agreed to pay Defendant child support of $550.00 per child per month. Payments were to be made the 1st of each month until the minors turned 18 or were otherwise earlier emancipated. Complaint For Divorce 3.

5. Defendant consented to the divorce and the Complaint terms without contest.

6. Two weeks after the Complaint was filed, the Court issued an interlocutory decree of divorce in which it ordered Plaintiff to pay child support according to the Complaint terms.

7. Both parties agreed to waive the six-month waiting period, and the Final Judgment of Divorce was filed the same day as the interlocutory decree, Mar. 27, 2012.

8. Six years later, in Nov. 2018, Defendant filed the Motion for Plaintiff to continue paying child support for Nichika past his 18th birthday.

9. Nichika turned 18 in Dec. 2018 and is on track to graduate in May 2019. Defendant wants child support until he graduates, although the original child support order required child support payments only until he turned 18.

10. Defendant states that Nichika resides with her and remains in her care, custody, and control.

11. By Jan. 28, 2019, deputy marshal Oscar Y. Espinosa, Jr. had made three attempts to serve Plaintiff with notice of the Motion, but no one was home each time.

## ISSUE

1. Whether to order Plaintiff to continue paying child support for Nichika until Nichika graduates from high school.

## PRINCIPLES OF LAW

The Court estimates that about 75% of all high school seniors on a typical graduation path turn 18 during their final school year between September and May. The remaining 25% turn 18 after they graduate, during the months of June, July, or August. Some students with unique situations may graduate at an older age, such as special education students, but these

exceptions are inapplicable here. Guam law requires child support payments to continue until high school graduation even if the child turns 18 before graduating. The law applies to high school students not in special education who remain in custody of and reside with the custodial parent. For such students, an order of current child support terminates on "the latter of reaching the age of majority or graduating from high school or equivalent, but not to exceed nineteen (19) years of age." 5 G.C.A. § 34105.2(a).

The same law requires the custodial parent to inform the Attorney General's Child Support Enforcement Division that the child will remain in school past his or her 18th birthday. Id. This notification, with supporting documentation, should occur no later than 30 calendar days prior to the child's 18th birthday. Id.

The Local Rules of the Superior Court of Guam state that in motion practice, "The motion papers shall be served on each of the parties in accordance with Guam Rule of Civil Procedure Rule 5." Super. Ct. Guam R. 7.1(b). Rule 5 states, "[E]very written motion … shall be served on each of the parties." Guam R. Civ. P. 5(a). Under Rule 5, service on a party represented by an attorney should be made on the attorney, unless the court orders service on the party itself. Id. at 5(b)(1). Adequate service to notify a party of a written motion is described in Rule 5 as:

1. Handing a copy of the motion to the person;

2. Leaving it at their office with a clerk or someone in charge, or leaving it in a conspicuous place at the office if no one there is in charge;

3. If the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there;

4. Mailing a copy to the last known address of the person served;

5. Leaving a copy with the clerk of the court if the person has no known address.

See id. at 5(b)(2).

## ANALYSIS

Plaintiff should continue to pay child support payments to Defendant for their son Nichika until he graduates from high school. He turned 18 in December 2018 and will graduate in May 2019. Nichika is still in Defendant's custody and he still resides at her home. He will not turn 19 before graduating, so the payments must continue until his graduation. Presumably Defendant has given the office of the Attorney General timely notification of Nichika's age and high school enrollment, with appropriate documentation, as required by 5 G.C.A. § 34105.2(a). The Court will order Plaintiff to continue paying the monthly $550.00 child support payments up through May 2019, with June 2019 being the first payment-free month.

Plaintiff has not been served with notice of this Motion, in spite of several attempts to do so. Although the Court will order the child support payments to continue until Nichika's graduation, the order will be contingent on the Court receiving proof that satisfactory effort has been made to serve Plaintiff with notice of the Motion. This effort should include typical actions reasonably calculated to inform a party of a motion, such as mailing a copy of the motion to his last known address, leaving a copy at his office, leaving a copy with a suitable person residing at his house, and other methods described in Rule 5(b) of the Guam Rules of Civil Procedure. Plaintiff apparently has no attorney, but if he obtains one, his attorney must receive notice, under Rule 5.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's Motion and **ORDERS** Plaintiff to continue paying $550.00 a month in child support to Defendant up through May

2019, with these orders being contingent on the Court receiving proof of satisfactory effort to serve Plaintiff with notice of the Motion.

SO ORDERED, this _19_ day of _Feb_ 2019.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SER.        OX
I acknow...     a copy of the
original...     s placed in the
court ...
G. Gumataotao
A. Camacho
Date: 2/19/19   2:32